IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                                              CRIMINAL ACTION NO. 2:02-00226-03

**RONALD CONNER**

## MEMORANDUM OPINION AND ORDER

Pending is defendant's motion to modify sentence, filed March 26, 2008, pursuant to 18 U.S.C. § 3582(c)(2).  The motion to modify sentence is based upon the November 1, 2007, amendment to U.S.S.G. § 2D1.1, which the United States Sentencing Commission made retroactive effective March 3, 2008.

Section 1B1.10(b) controls a defendant's eligibility for a reduction in sentence based upon a post-disposition guideline amendment.  Section 1B1.10(b)(1) provides as follows:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine <u>the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced</u>. In making such determination, the court shall substitute <u>only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced</u> and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.1(b)(1) (emphasis supplied); U.S.S.G. § 1B1.10, applic. note 1(A) ("Eligibility for consideration under 18 U.S.C.

§ 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. . . . [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (c) is applicable to the defendant . . . .").

On August 29, 2003, defendant was sentenced, *inter alia*, to a 84-month term of imprisonment. The August 29, 2003, Statement of Reasons reflects that defendant was deemed accountable for 94 grams of cocaine base, which would have resulted in a base offense level of 32. Defendant was, however, given a two-level decrease for a minor role in the offense pursuant to U.S.S.G. § 3B1.2(b). In view of that two-point role reduction, the court also accorded defendant the benefit of U.S.S.G. § 2D1.1(a)(3), resulting in a base offense level at 30 instead of 32. See *United States v. Conner*, No. 2:02-00226-03, Stmt. of Reasons at 3 (S.D. W. Va. Aug. 29, 2003) ("[T]he defendant's Base Offense Level is 32. However, based on the court's finding that the defendant held a minor role in the offense, the defendant's Base Offense Level is capped at 30 pursuant to USSG § 2D1.1(a)(3)"); U.S.S.G. § 2D1.1(a)(3) ("[I]f the defendant receives an adjustment under §3B1.2 . . . the base offense level under this subsection shall be not more than level 30.")

Section 2D1.1(a)(3) remains unchanged from the 2006 version of the Guidelines that preceded it.  It was thus not altered by the retroactive amendment.  Inasmuch as defendant's guideline range was not calculated pursuant to the pre-amended, and now altered, version of U.S.S.G. § 2D1.1, he is not entitled to relief under the retroactive amendment that modified the cocaine base portions of that guideline section.  Further, had defendant's guideline range been based originally upon the offense level resulting from the 94 grams of cocaine base attributed to him, the amendment would now result in that base offense level being reduced to 30, the base offense level applicable to the defendant at his original sentencing based upon the operation of U.S.S.G. § 2D1.1(a)(3).  See U.S.S.G. § 2D1.1(c)(5).

The court, accordingly, ORDERS that defendant's motion to modify sentence be, and it hereby is, denied.

The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

ENTER:  April 1, 2008

_____
John T. Copenhaver, Jr.
United States District Judge